UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

GEORGE NWIZUZU,

Plaintiff,

v.

U.S.A. et al., KATHERINE HAWK, MS. REESE, GEIER T.,

Defendants.

Civil No. 01-17 (DWF/JGL)

ORDER

Plaintiff, a prisoner at the Federal Correctional Institution in Waseca, Minnesota, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) He has also filed a separate motion bearing the caption "Motion For Leave To File A Complaint Against Federal Correctional Institution Rochester Pursuant To The Federal Tort Claims Act," (Docket No. 2), which the Court understands to be a motion seeking leave to file an Amended Complaint.

Plaintiff did not tender the requisite filing fee with his complaint, but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) By order dated January 10, 2001, (Docket No. 4), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, (Docket No. 5), and the matter is therefore before the Court for the purpose of determining (a) whether Plaintiff's motion for leave to amend should be granted, and (b) whether Plaintiff should be allowed to proceed IFP.

FEB 21 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

1. Motion To Amend

As previously noted, Plaintiff's "Motion For Leave To File A Complaint Against Federal Correctional Institution Rochester Pursuant To Federal Court Claims Act," (Docket No. 2), is construed to be a motion for leave to file an Amended Complaint. Plaintiff's original complaint, (Docket No. 1), was submitted on the form to be used for prisoner civil rights claims. Plaintiff apparently wants to amend his complaint so he can attempt to state a claim under the Federal Tort Claims Act, ("FTCA").[1]

Plaintiff's motion to amend must be denied, because he has not complied with Local Rule ("LR") 15.1, which clearly requires that "[a] party who moves to amend a pleading shall file an original and two copies of the motion to amend, and shall attach a copy of the amended pleading to the original motion and to each copy of the motion." (Emphasis added.) Plaintiff's motion to amend will be denied, because he did not submit a copy of his proposed amended complaint as an attachment to his motion papers.[2]

The Court notes, however, that Defendants have not yet appeared in this action, and that Plaintiff is therefore still entitled to file one amended complaint in this action, as

---

[1] It may indeed be wise for Plaintiff to amend his complaint, and attempt to state an FTCA claim rather than a civil rights claim. A lost property claim, (which is what Plaintiff seems to be asserting), is clearly not cognizable in a civil rights action. See McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993), citing Daniels v. Williams, 474 U.S. 662 (1986). Whether such a claim is or is not actionable under the FTCA is not quite so readily apparent. If Plaintiff does choose to file an Amended Complaint that attempts to state an FTCA claim, he should bear in mind that the United States of America is the only proper Defendant in an FTCA action. See 28 U.S.C. § 2679(d)(1).

[2] It appears that Plaintiff may have tried to somehow incorporate his pleading into his motion, but that will not suffice. If Plaintiff wants to file an FTCA complaint, it must be submitted as a separate document that is clearly identifiable as a pleading.

a matter of course. Fed. R. Civ. P. 15(a). If Plaintiff still wishes to file a new complaint, he may do so without leave of court – provided he complies with the last sentence in LR 15.1, which provides as follows:

> "Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."

In other words, if Plaintiff chooses to file an amended complaint, he must file an entirely new pleading. He cannot simply add to, or expand upon, the allegations set forth in his original complaint, because that pleading will essentially be nullified upon the filing of an amended complaint. Nor can he submit a new complaint as part of a motion or some other submission. Again, if Plaintiff wants to amend, he must file an entirely new pleading, clearly identified as "Amended Complaint;" and his Amended Complaint must not refer to, or attempt to incorporate any part of, any previous submission.

If Plaintiff elects to file an Amended Complaint, he must do so by no later than March 16, 2001. If he has not filed an Amended Complaint by that date, his original civil rights complaint, (Docket No. 1), will thereafter be screened pursuant to 28 U.S.C. § 1915A, to determine whether it states any actionable claim for relief.[3] If Plaintiff does file an Amended Complaint within the time allowed by this Order, then that pleading will be screened pursuant to § 1915A.

---

[3] As previously noted, (see footnote 1, supra), it is highly unlikely that Plaintiff's civil rights complaint will survive the § 1915A initial screening process.

2. IFP Application

Because Plaintiff has paid his initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1), it appears that he is financially eligible for IFP status. However, the Court will not make a final ruling on Plaintiff's IFP application until the screening process prescribed by § 1915A has been completed. That screening process will not be completed until after it becomes clear whether Plaintiff intends to file an Amended Complaint. Therefore, no further action will be taken in this matter until Plaintiff files an Amended Complaint, or the deadline for filing the Amended Complaint has passed.

If Plaintiff does file an Amended Complaint, and if he wants the U.S. Marshal to serve the Amended Complaint, (assuming it survives § 1915A screening), he will have to submit a properly completed marshal service form, USM-285.[4] See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993). He will also have to submit two extra copies of his Amended Complaint for service on Defendant. See Fed. R. Civ. P. 4(i)(1).

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion For Leave To File A Complaint Against Federal Correctional Institution Rochester Pursuant To The Federal Tort Claims Act," (Docket No. 2), is DENIED;

---

[4] Marshal service forms can be obtained from the Clerk's Office by submitting a written request accompanied by a copy of this order.

2. Plaintiff shall have until March 16, 2001, to file an Amended Complaint pursuant to Fed. R. Civ. P. 15(a) and Local Rule 15.1;

3. Plaintiff's pending application for leave to proceed in forma pauperis, (Docket No. 3), will not be addressed until he has filed an Amended Complaint or the court-imposed deadline for doing so has passed.

Dated: February 22, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge