UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GEORGE NWIZUZU,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Civil File No. 01-17 (DWF/JGL)

ORDER

Plaintiff, a prisoner at the Federal Correctional Institution in Waseca, Minnesota, has filed an Amended Complaint seeking relief under the Federal Tort Claims Act, ("FTCA"). (Docket No. 7.[1]) Plaintiff did not tender the requisite filing fee when he commenced this action, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) By order dated January 10, 2001, (Docket No. 4), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, (Docket No. 5), and the matter is therefore before the Court for the purpose of determining whether Plaintiff should be

[1] Plaintiff's original pleading, (Docket No. 1), was entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. Section 1983." Plaintiff's motion seeking leave to file an amended complaint, (Docket No. 2), was denied, because he did not comply with Local Rule 15.1, (which requires that a copy of the proposed new pleading be submitted with the motion to amend). Plaintiff was reminded that he could amend his pleading once, without leave of court, pursuant to Fed. R. Civ. P. 15(a); and he was advised that if he intended to take advantage of that opportunity, he should file an Amended Complaint by March 16, 2001. (See Order dated February 20, 2001; [Docket No. 6].) Plaintiff has now filed an Amended Complaint, (Docket No. 7), and this action will proceed based on the claims alleged therein.

MAR 22 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

allowed to prosecute his claims as an IFP litigant.

The Court finds that Plaintiff is eligible for IFP status, and his IFP application will therefore be GRANTED. This means that he will be allowed to bring the present action without pre-paying the full filing fee. He will, however, be required to pay the unpaid balance of the filing fee, (in this case $66.43), in installments pursuant to 28 U.S.C. § 1915(b)(2). The Clerk of Court shall provide notice of this requirement to the prison authorities at the institution where Plaintiff is confined.

Because IFP status has been granted, Plaintiff is entitled to have the Defendant named in the Amended Complaint (the United States of America) served by the U.S. Marshal. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). Marshal service will therefore be ordered on the named Defendant. However, Marshal service cannot be accomplished at this time, because Plaintiff has failed to submit an adequately supported request for such service. To cure this deficiency, Plaintiff must submit properly completed Marshal service forms, (USM-285), and two copies of his Amended Complaint. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993).[2] If he does not satisfy this requirement by April 13, 2001, he will be deemed to have abandoned his action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b). If Plaintiff does satisfy this requirement in a timely manner, then a summons shall be issued, and service

[2] The Court notes that Plaintiff has already requested the necessary Marshal service forms, (USM-285), and the Clerk presumably has sent the blank forms to Plaintiff.

of process shall be performed by the U.S. Marshal.

The Court will defer any ruling on the adequacy of Plaintiff's Amended Complaint. (See 28 U.S.C. § 1915A.) If service of process is effected, Defendant will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and Amended Complaint, so that Defendant will be apprised of the need to file a responsive pleading.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 3), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action, ($66.43), in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to prison authorities at the institution where Plaintiff is confined;

3. On or before April 13, 2001, Plaintiff shall file completed Marshal service forms (USM-285), and two extra copies of his Amended Complaint, failing which it will be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b);

4. If Plaintiff complies with the requirements of this order in a timely manner, a summons shall be issued and the U.S. Marshal shall effect service of the summons and Amended Complaint on Defendant;

5. A copy of this order shall be served by the Marshal with the summons and Amended Complaint; and

6. If service of process is effected on Defendant, then Defendant will be required to file a response to Plaintiff's Amended Complaint.

Dated: March 22, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge