**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

GEORGE NWIZUZU,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Respondent.

Civil No. 01-17 (DWF/JGL)

**ORDER**

---

George Nwizuzu, *Pro Se*, #15513-039, Federal Correctional Institution, Box 1500, Waseca, MN 56093-0741, Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, 600 United States Courthouse, 300 Fourth Street South, Minneapolis, MN 55415, counsel for Defendant.

---

## INTRODUCTION

Plaintiff is an inmate at the Federal Correctional Institution in Waseca, Minnesota. He commenced this action by filing a complaint seeking relief under the Federal Tort Claims Act. On January 14, 2002, the action was summarily dismissed, because it was found to be time-barred. On January 29, 2002, Plaintiff filed a timely "Notice of Appeal" (Doc. No. 29), seeking appellate review of the order of dismissal.

This matter is presently before the Court on Plaintiff's "Motion For Enlargement Of Time," and his application for leave to proceed *in forma pauperis* ("IFP") on appeal. (Doc. Nos. 31 and 32.) For the reasons discussed below, the Court concludes that: (a) Plaintiff's Motion for Enlargement of Time should be denied as moot; (b) Plaintiff's IFP application should be granted; and (c) Plaintiff should be required to pay an initial partial filing fee, pursuant to 28 U.S.C. § 1915(b)(1), in the amount of $46.30.

FILED FEB 20 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## DISCUSSION

### A. "Motion For Enlargement Of Time"

In his "Motion For Enlargement Of Time," Plaintiff asks the Court to extend the deadline for bringing an appeal in this matter. As previously noted, however, Plaintiff has already filed a Notice of Appeal, and he did so well before the expiration of the 30-day deadline prescribed by Fed. R. App. P. 4(a).[1] Because Plaintiff has not shown that he needs any extension of the deadline for filing a Notice of Appeal, his "Motion For Enlargement Of Time" will be denied as moot.[2]

### B. IFP Application

Because Plaintiff is a prisoner, his IFP application is governed by the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA requires all prisoner litigants to pay the full $105 filing fee for an appeal, regardless of their financial circumstances. 28 U.S.C. § 1915(b)(1); *see also Henderson v. Norris*, 129 F.3d 481 (8th Cir. 1997); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997). However, a prisoner who is financially eligible for IFP status under § 1915 will be excused from pre-paying the full $105 filing fee as a condition to filing an appeal and will instead be required to pay the filing fee in installments.

When a prisoner applies for IFP status on appeal, the Court must first determine whether the prisoner is "destitute;" *i.e.*, whether he or she has "no assets and no means" by which to pre-pay even a partial filing fee. 28 U.S.C. § 1915(b)(4). If the prisoner is found to be wholly destitute, then he

---

1 Rule 4(a) requires civil litigants to file a notice of appeal "within 30 days after the judgment or order appealed from is entered." In this case, the order and judgment at issue were entered on January 14, 2002. Plaintiff's Notice of Appeal (Doc. No. 29), was filed on January 29, 2002, which was well within the 30-day filing period.

2 If Plaintiff wants additional time to file other papers pertaining to his appeal, he will have to submit his request directly to the Court of Appeals.

or she will not have to pre-pay any part of the filing fee. If the prisoner is found not to be wholly destitute, then the Court must calculate and assess an "initial partial filing fee" pursuant to § 1915(b)(1). *Henderson*, 129 F.3d at 485. Whether the prisoner is destitute or not, any outstanding balance of the $105 filing fee must always be paid in installments pursuant to § 1915(b)(2).

A prisoner's IFP application will be denied regardless of his financial circumstances if the Court determines that his appeal is not taken "in good faith." 28 U.S.C. §§ 1915(a)(3) and 1915(e)(2); Fed. R. App. P. 24(a)(3); *see also Henderson*, 129 F.3d at 485 ("District courts should continue to certify pursuant to § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith"). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In the instant case, the Court finds that Plaintiff is not wholly destitute. According to his IFP application, Plaintiff has a prison job that has allowed him to make an average monthly deposit of $231.50 to his prison trust account during the past six months. Furthermore, he has a current balance in his trust account of $470.33. Because the average monthly deposit to his trust account during the past six months, ($231.50), has been greater than his average monthly balance for the same period, ($41.00), Plaintiff's initial partial filing fee will be twenty percent of the former amount, which is $46.30, ($231.50 x 20% = $46.30). That amount is calculated to be, and assessed as, Plaintiff's initial partial filing fee, pursuant to § 1915(b)(1) and *Henderson v. Norris*. The remaining balance

of the $105 filing fee will have to be paid in installments as provided by 28 U.S.C. § 1915(b)(2).

Although the Court remains fully satisfied that Plaintiff's complaint was properly dismissed, the Court does not find that the claims he apparently seeks to raise on appeal are legally "frivolous," as that term has been defined by the Supreme Court. Therefore, Plaintiff's appeal is found to be taken in "good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion for Enlargement of Time" (Doc. No. 31) is **DENIED AS MOOT**;

2. Pursuant to 28 U.S.C. § 1915(b)(1) and *Henderson v. Norris*, 129 F.3d at 485, Plaintiff's initial partial filing fee for the appeal in this matter is calculated and assessed to be $46.30;

3. Plaintiff will be required to pay the balance of the $105 filing fee for his appeal in the manner prescribed by 28 U.S.C. § 1915(b)(2); and

4. Subject to the foregoing requirements pertaining to the payment of his filing fee, Plaintiff's application to proceed *in forma pauperis* on appeal (Doc. No. 32) is **GRANTED**.

Dated: February 20, 2002

DONOVAN W. FRANK
Judge of United States District Court